PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE, WSBN 32245
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
SATHYA OUM, CSBN 255431
Special Assistant United States Attorney
      6401 Security Boulevard
      Baltimore, Maryland 21235
      Telephone: (510) 970-4846
      E-Mail: SAUSA.NAME@ssa.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MARIE HOGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 2:23-CV-00548-JDP<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920; [PROPOSED] ORDER |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount $7,800.00 (SEVEN THOUSAND, EIGHT HUNDRED dollars) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel, if any.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor any assignment

will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees or costs in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Date: April 5, 2024  /s/*Jonathan Peña*\*
JONATHAN PEÑA
(as authorized by email on April 4, 2024)
Attorney for Plaintiff

Date:   April 5, 2024  PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Social Security Administration

*/s/ Sathya Oum*
SATHYA OUM
Special Assistant United States Attorney
Social Security Administration
Attorney for Defendant

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees, Costs, and Expenses, **IT IS ORDERED** that fees and expenses in the amount of $7,800 as authorized by 28 U.S.C. § 2412, and costs in the amount of $0 as authorized by 28 U.S.C. § 1920, be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated:   April 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE